UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-312-GCM

| JAMES WINSTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU HENDLEY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1985, addressing incidents that allegedly occurred at the Marion Correctional Institution where he still resides. [Doc. 1]. In the Complaint,[1] the Plaintiff names as Defendants correctional officers FNU Hendley and FNU Kalinowski "[b]ecause [Plaintiff] flooded [his] cell because they didn't feed [him his] dinner tray." [Id. at 2]. Plaintiff describes his claim as follows:

> I was in my cell using the bathroom when they were passing out the dinner trays I had my blind up cause I was using the bathroom and they didn't give me my tray because I had my blind up that's why.

[Doc. 1 at 2].

He additionally alleges:

---

[1] The Plaintiff has failed to sign the Complaint. See Fed. R. Civ. P. 11. He will not be required to correct this deficiency at this time because the Complaint has not passed initial review. The Plaintiff is cautioned that he must sign all future filings and otherwise comply with the applicable procedural rules and this Court's orders. [See generally Doc. 3 (Order of Instructions)].

> Count 1: The LT started pushing his knuckles in the back of my ear I couldn't get his name cause he didn't have his name tag on but we was in C Block E Unit between the hours 15:40-16:00 on 7/24/23.
>
> Count 2: The C.O. Hendley was stepping on my leg while I was laying on the Floor after I told them I couldn't walk and started twisting my wrist when they picked me up in C Block E Unit between the hours of 15:40-16:00 on 7/24/23.

[Id. at 3].

For injury, he alleges:

> I'm having problems with my back and my leg that I have a metal rod in I have to take medication for pain I can barely walk on my leg I have to put most of my weight on my left leg to keep the pain from stop hurting. My right knee aches in pain that's where I have screws and my right side I can barely work out any more but other than that everything is ok it's just my lower back and my right leg.

[Id.].

The Plaintiff does not request any relief. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Plaintiff purports to sue the Defendants pursuant to § 1985. To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). A plaintiff asserting a claim under § 1985 must allege "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Courts reject § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Id.

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Simmons, 47 F.3d at 1377; see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each

element of the claim). The allegations are so disjointed and nonsensical that the Court is unable to identify the claims the Plaintiff is attempting to assert, and the Complaint fails to state any plausible claim whatsoever. The Complaint is, therefore, dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: February 5, 2024

Graham C. Mullen
United States District Judge