UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-312-GCM

| JAMES WINSTON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU HENDLEY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of the pro se Second Amended Complaint [Doc. 13]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I. BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1985, addressing incidents that allegedly occurred at the Marion Correctional Institution where he still resides. [Doc. 1]. The Complaint failed initial review and the Plaintiff was granted the opportunity to amend. [Doc. 8]. The Plaintiff filed an Amended Complaint [Doc. 9] that was missing pages, and the Plaintiff was again granted the opportunity amend or to supply the Court with the missing pages. [Doc. 10]. The Second Amended Complaint is now before the Court for initial review. [Doc. 13].

In the Second Amended Complaint, the Plaintiff names as Defendants in their official capacities correctional officers Hendley[1] and Kalinowski. [Id. at 2]. The Plaintiff now appears to assert a claim for the use of excessive force pursuant to 42 U.S.C. § 1983 as follows:

---

[1] The "individual capacity" box for Defendant Hendley was marked, then stricken through. [Doc. 13 at 2].

> At approximately 15:30-16:00 I was told to cuff up and get search on 7/24/23 on E unit in C block. When I was tooking to the shower in hand cuffs for them to search my room I fell while in the shower from it being wet I told them I couldn't get up I need my wheel chair cause I have a medal rod in my leg they got mad and picc me up and put me in I slipped from being wet that's who Officer Hendley and Kalinowski start picking me up and slaming down multiple time after I pose no threat and all this happened in handcuff behind my back.
> …
> I was injured from the fall in the shower when they picked me up LT starting twisting my wrist and putting his knuckles in the back of my ear to make me walk the intire block saw this happen then I was threw in the air and slaming me back down in the wheel chair it was making it worst. And that was Hendley and Kalinowski that did that.

[Id. at 4-5] (errors uncorrected). For injury, the Plaintiff claims that "the lower part of my back and my right leg is in pain once again; yes I was treated and put in physical therapy for my back and my leg." [Id. at 5] (errors uncorrected). For relief he states:

> I want the Court to pay for my fees about what's taking place and I would like for the court to pay 50,000 $ in damages for my back and my leg and how I was treated for no reason at all. And I have to go to physical therapy twice a week for all my injuries.

[Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Plaintiff purports to sue Defendants, who are state officials, in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). The Plaintiff's claims cannot proceed against the Defendants in their official capacities and, therefore, they are dismissed.

Moreover, the Plaintiff appears to seek damages and "fees" from the Court. Such relief is not available from the Court in this § 1983 action and the Plaintiff's claims also cannot proceed for that reason.

3

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Second Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A and this action is dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Second Amended Complaint [Doc. 13] fails initial review and this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 5, 2024

Graham C. Mullen
United States District Judge